ARNOLD & PORTER KAYE SCHOLER LLP
Matthew M. Wolf (*Admitted PHV*)
Laura S. Shores (*Admitted PHV*)
Sonia Kuester Pfaffenroth (SBN 223984)
Michael B. Bernstein (*Admitted PHV*)
Adam M. Pergament (SBN 267557)
601 Massachusetts Avenue, N.W.
Washington, D.C. 20001-3743
Telephone:   (202) 942-5000
Facsimile:   (202) 942-5999
matthew.wolf@arnoldporter.com
laura.shores@arnoldporter.com
sonia.pfaffenroth@arnoldporter.com
michael.b.bernstein@arnoldporter.com
adam.pergament@arnoldporter.com

D. Eric Shapland (SBN 193853)
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017-5844
Telephone:   (213) 243-4000
Facsimile:   (213) 243-4199
eric.shapland@arnoldporter.com

*Attorneys for Defendant*
MALLINCKRODT ARD LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| HUMANA INC.,<br><br>                 Plaintiff,<br><br>      v.<br><br>MALLINCKRODT ARD LLC (f/k/a Mallinckrodt ARD Inc., f/k/a Questcor Pharmaceuticals, Inc.),<br><br>                 Defendant. | Case No. 2:19-cv-06926-DSF-MRW<br><br>**NOTICE OF ORDER BY JUDICIAL PANEL ON MULTIDISTRICT LITIGATION DENYING MOTION FOR TRANSFER OF ACTIONS PURSUANT TO 28 U.S.C. § 1407**<br><br>Action Filed:      August 8, 2019 |

In its April 12, 2021 Status Report, Plaintiff Humana Inc. advised the Court that counsel to other plaintiffs asserting "Acthar-related claims" against various Mallinckrodt entities in other actions filed a Motion for Transfer of Actions Pursuant to 28 U.S.C. § 1407 for Coordinated or Consolidated Pretrial Proceedings with the United States Judicial Panel on Multidistrict Litigation on March 17, 2021. ECF No. 97. That motion sought transfer of this action among others to the Northern District of Illinois for coordinated pretrial proceedings.

On June 7, 2021, the JPML issued a ruling denying the Motion to Transfer on the grounds that there is "uncertainty about the timing and outcome of related bankruptcy proceedings" and that "there are motions for transfer under 28 U.S.C. §§ 1412 or 1404 pending" in several actions. *See* Order Denying Transfer in MDL No. 2999 (attached hereto as Exhibit A).

As the Court is aware, this is one of the Acthar-related actions in which such a motion for transfer is pending: Defendant Mallinckrodt ARD LLC's Notice of Motion and Motion to Transfer this action pursuant to 28 U.S.C. §§ 1412 or 1404 to the District of Delaware for reference to the Bankruptcy Court where Defendant's bankruptcy is pending. ECF No. 89. The Court has taken that matter under submission. ECF No. 94.

Dated: June 8, 2021        By: /s/ D. Eric Shapland
                               Eric Shapland

                               **ARNOLD & PORTER
                               KAYE SCHOLER LLP**
                               *Attorneys for Defendant
                               Mallinckrodt ARD LLC*

- 1 -
NOTICE OF ORDER BY JPML DENYING MOTION TO TRANSFER

# EXHIBIT A

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: ACTHAR GEL ANTITRUST
LITIGATION                                                                      MDL No. 2999


ORDER DENYING TRANSFER


**Before the Panel**: Plaintiffs in five actions listed on Schedule A move under 28 U.S.C. § 1407 to centralize this litigation in the Northern District of Illinois or, alternatively, the District of New Jersey. This litigation consists of ten actions in eight districts, as listed on Schedule A.[1] The Panel was notified just before its hearing session that an additional action now is pending in the Northern District of Illinois.

Plaintiff in the Northern District of California action supports the motion. The Express Scripts defendants[2] suggest Section 1407 centralization in the District of Delaware. The Central District of California plaintiff opposes centralization. Common defendants Mallinckrodt ARD LLC (f/k/a Mallinckrodt ARD Inc.) and Mallinckrodt plc (collectively, Mallinckrodt) oppose Section 1407 centralization in favor of allowing transferor courts to rule on pending motions to transfer most of the pending actions to the District of Delaware under 28 U.S.C. §§ 1412 or 1404. Mallinckrodt alternatively suggests Section 1407 centralization in the District of Delaware. The United States—intervenor in the Eastern District Pennsylvania *Strunck qui tam* action—opposes including *Strunck* in centralized proceedings. In reply, moving plaintiffs agree that *Strunck* should remain in the Eastern District of Pennsylvania.

On the basis of the papers filed and the hearing session held,[3] we are not persuaded that centralization is necessary for the convenience of the parties and witnesses or to further the just

---

[1] The District of Delaware action originally was filed in the Eastern District of Pennsylvania, but was transferred to Delaware under 28 U.S.C. § 1412.

[2] Express Scripts, Inc.; Evernorth Health Inc. f/k/a Express Scripts Holding Co.; CuraScript, Inc. d/b/a CuraScript SP Specialty Pharmacy; Priority Healthcare Corp.; Priority Healthcare Distribution, Inc. d/b/a CuraScript SD Specialty Distribution; Accredo Health Group, Inc.; and United BioSource LLC f/k/a United BioSource Corp.

[3] In light of the concerns about the spread of the COVID-19 virus (coronavirus), the Panel heard oral argument by videoconference at its hearing session of May 27, 2021. *See* Suppl. Notice of Hearing Session, MDL No. 2999 (J.P.M.L. May 10, 2021), ECF No. 62.

- 2 -

and efficient conduct of this litigation at this time. These actions share factual questions arising from allegations that Mallinckrodt unlawfully raised Acthar's price and marketed and sold the drug at inflated prices. The actions variously allege a complex and multi-faceted scheme by defendants, including (a) contracting with the Express Scripts defendants to be the exclusive distributor of Acthar, (b) buying and shelving a competing drug, (c) bribing doctors to prescribe Acthar and aggressively promoting it for off label uses, and (d) improperly funneling copays through a charitable organization. Some complaints allege just one or two components of this scheme, while others include all of them. And some actions name the Express Scripts defendants, while others do not. But almost all parties agree that there is factual and legal overlap among all actions and that coordination or consolidation of some kind is appropriate.

Despite this overlap, the uncertainty about the timing and outcome of related bankruptcy proceedings makes Section 1407 centralization premature at this time. Common defendants are the debtors in Chapter 11 bankruptcy proceedings in the District of Delaware, ongoing since October 2020, and the claims against all defendants are stayed in their entirety. Furthermore, there are motions for transfer under 28 U.S.C. §§ 1412 or 1404 pending in eight of the actions listed on Schedule A. Therefore, it is unclear where these claims will be pending or whether Section 1407 centralization will be necessary once the stay is lifted. *See In re Gerber Probiotic Prods. Mktg. & Sales Practices Litig.*, 899 F. Supp. 2d 1378 (J.P.M.L. 2012) (finding that allowing rulings on Section 1404 motions "may allow the Panel to better assess where a multidistrict litigation should be assigned").

Movants' counsel represent that they have been retained by additional claimants to file suit against defendants based on misconduct that has continued after Mallinckrodt filed for bankruptcy, and that these claims would be unrelated to the bankruptcy. Indeed, the Panel has been notified of one such action, which defendants argued at oral argument violates the bankruptcy stay. Regardless of whether this action is subject to a stay, we are presented with just one action filed on the eve of the Panel's hearing session. And the Panel has been "disinclined to take into account the mere possibility of future filings in [its] centralization calculus." *In re Lipitor (Atorvastatin Calcium) Mktg., Sales Practices & Prods. Liab. Litig.*, 959 F. Supp. 2d 1375, 1376 (J.P.M.L. 2013).

Parties seeking centralization have the burden of demonstrating that centralization will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Since at this point in the litigation we do not have sufficient information to make those determinations, centralization is premature. Should centralization appear to be necessary once the bankruptcy stay is lifted, "the parties may file another Section 1407 motion, and the Panel will revisit the question of centralization at that time." *In re Gerber*, 899 F. Supp. 2d at 1381.

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

- 3 -

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

Catherine D. Perry        Nathaniel M. Gorton
Matthew F. Kennelly       David C. Norton
Roger T. Benitez          Dale A. Kimball

IN RE: ACTHAR GEL ANTITRUST
LITIGATION                                                                                          MDL No. 2999

## SCHEDULE A

    <u>Central District of California</u>

HUMANA, INC. v. MALLINCKRODT ARD LLC, ET AL., C.A. No. 2:19−06926

    <u>Northern District of California</u>

HEALTH CARE SERVICE CORP. v. MALLINCKRODT ARD LLC, ET AL.,
    C.A. No. 3:21−00165

    <u>District of Delaware</u>

INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 542 v.
    MALLINCKRODT ARD, INC. ET AL., C.A. No. 1:21−00647

    <u>Northern District of Georgia</u>

CITY OF MARIETTA v. MALLINCKRODT ARD LLC, C.A. No. 1:20−00552

    <u>Northern District of Illinois</u>

CITY OF ROCKFORD v. MALLINCKRODT ARD, INC., ET AL.,
    C.A. No. 3:17−50107
MSP RECOVERY CLAIMS, SERIES LLC, ET AL. v. MALLINCKRODT ARD INC.,
    ET AL., C.A. No. 3:20−50056

    <u>District of New Jersey</u>

UNITED ASSOCIATION OF PLUMBERS & PIPEFITTERS LOCAL 322 OF
    SOUTHERN NEW JERSEY v. MALLINCKRODT ARD, LLC, ET AL.,
    C.A. No. 1:20−00188

    <u>Eastern District of Pennsylvania</u>

STRUNCK, ET AL. v. QUESTCOR PHARMACEUTICALS, INC.,
    C.A. No. 2:12−00175
STEAMFITTERS LOCAL UNION NO. 420 v. MALLINCKRODT ARD, LLC, ET AL.,
    C.A. No. 2:19−03047

Western District of Tennessee

ACUMENT GLOBAL TECHNOLOGIES v. MALLINKRODT ARD, INC., ET AL., C.A. No. 2:21−02024